IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| **Bank of America, N.A.,** | § § § | |
| Plaintiff, | § § | 20-CV-00196 |
| v. | § § | |
| **Susie M. Estrada,** | § § | |
| Defendant. | | |

---

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1); PERSONAL JURISDICTION UNDER RULE 12(b)(2); FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6); FAILURE TO JOIN A PARTY UNDER RULE 12(b)(7)/ RULE 19; and MOTION TO DISMISS FOR FORUM NON CONVENIENS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Susie M. Estrada ("Defendant") through undersigned counsel, who files this opposed motion and moves this Honorable Court to dismiss the original complaint filed by Bank of America, N.A. ("Plaintiff"), with or without prejudice where appropriate, for the reasons assigned as follows:

## ISSUES

1.   Defendant argues that neither the questions of law or fact are settled in this matter, the issues raised fail the "case or controversy" (sometimes referred to as a justiciable

controversy) test, and any ruling at this point and by this Court would constitute an abuse of the jurisdictional authority of this Court under Article III, Section 2 of the Constitution- especially when this matter is still pending in a state court, which is a more proper and convenient forum for the adjudication of all relevant issues over all relevant parties.

2.      Defendant further contends this Court should dismiss this action because it is not ripe and because Plaintiff lacks standing. Plaintiff is attempting to obtain a ruling and contractual enforcement of an Agreed Discharge Order without entertaining any examination into whether the Agreed Discharge Order constitutes a legally-binding contractual agreement, and to do so without a determination of the underlying terms and enforceability of the Agreed Discharge Order would constitute an advisory opinion and a summary judgment determination of any and all issues of law and fact couched as a declaratory judgment request.

3.      Defendant further argues the facts alleged by Plaintiff are not of sufficient immediacy to support jurisdiction for the exercise of declaratory judgment and, given the nature of the underlying complaint, such a judgment would be highly unusual and improper.

4.      Finally, Defendant submits maintaining this action is unfair and should be dismissed for Forum Non Conveniens.

## FACTS

5.      On 06/04/2019, Plaintiff filed an interpleader action ("Interpleader Action") in the 353rd Judicial District Court for Travis County, Texas ("State Court"), *Bank of America, N.A., v. Amanda Lee Estrada and Susie M. Estrada*, case number D-1-GN-19-003174; a copy

of this petition was attached to Plaintiff's Original Complaint as "Exhibit 1".

6.     On 06/28/2019, Defendant filed an original petition against Amanda Lee Estrada in the 98th Judicial District Court of Travis County, Texas, *Susan Estrada v. Amanda Lee Estrada*, bearing cause number D-1-GN-19-003719 to vacate the improper transfer of two pieces of real property by General Warranty Deed by Amanda Lee Estrada under authority as Defendant's agent-in-fact at such a time that the Power of Attorney appointing Amanda Lee Estrada had been revoked; a copy of the suit is attached hereto as "**Exhibit A**".[1]

7.     On 11/26/2019, the 353rd Judicial District Court entered an order ("Discharge Order") directing Plaintiff to deposit the disputed funds into the court's registry and discharging Plaintiff from all claims as to all parties in the Interpleader Action; a copy of the Discharge Order was attached to Plaintiff's Original Complaint as "Exhibit 2".

8.     The Discharge Order is titled "Agreed Order on Bank of America N.A.'s Original Petition in Interpleader", it did state that "Bank of America is hereby DISCHARGED, WITH PREJUDICE from this suit with respect to all parties and all claims", and counsel of record for Defendant did direct her signature be applied electronically to the Discharge Order below a caption that read "APPROVED AS TO FORM AND SUBSTANCE AND ENTRY REQUESTED."

9.     Following entry of the Discharge Order by the 353rd Judicial District Court, Plaintiff deposited the funds in question into the court's registry; a copy of the check reflecting payment was attached to Plaintiff's Original Complaint as "Exhibit 3".

---

[1] Defendant asks this Honorable Court to take judicial notice of this formal litigation proceeding in a Texas State Court pursuant to <u>Kinnett Dairies, Inc. v. Farrow</u>, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (permitting judicial notice of a court's own records or those of the inferior courts).

10.    On 12/04/2019, the 98th Judicial District Court entered an Order consolidating the matters pending before the 353rd and 98th Judicial District Courts, and directing a *partial* summary judgment in Defendant's favor and against Amanda Lee Estrada on some, but not all, of the issues before the Court; a copy of the Order was attached to Plaintiff's Original Complaint as "Exhibit 4".

11.    On 02/03/2020, Defendant sent a letter to Plaintiff; a copy of the letter was attached to Plaintiff's Original Complaint as "Exhibit 5".

12.    On 02/11/2020, counsel of record for Plaintiff reached out to Defendant's counsel and requested the email address for the author of the February 3rd letter; a copy of the email transmission is attached hereto as "**Exhibit B**".

13.    On 02/12/2020, counsel of record for Plaintiff emailed Defendant's counsel and acknowledged receipt of the February 3rd letter; Plaintiff's counsel also indicated he would discuss the letter with his client and "be in touch."

14.    On 02/12/2020, Counsel for Defendant responded "[t]hat sounds fine"; a copy of this email transmission from Defendant's Counsel, and the email transmission from Plaintiff's Counsel, are combined and attached hereto as "**Exhibit C**".

15.    On 02/21/2020, Counsel for Plaintiff forwarded via email transmission to Defendant's Counsel a copy of the Original Complaint with attached exhibits.


## ARGUMENT

A.    **"Ripeness/ Standing"**

16.    A court must have both subject matter and personal jurisdiction before determining the validity of a claim; see <u>Moran v. Kingdom of Saudi Arabia</u>, 27 F.3d 169, 172 (5th Cir.

1994).  Subject matter jurisdiction refers to the tribunal's power to hear a case; <u>Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region</u>, 558 U.S. 67 (2009). "'Jurisdiction' refers to 'a court's adjudicatory authority;'" <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 160 (2010) (citing <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455 (2004)). The court must address a subject matter motion before other substantive motions to avoid a court without jurisdiction prematurely dismissing a case with prejudice; see <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001) and <u>McCasland v. City of Castroville</u>, 478 Fed. Appx. 860, 860-61 (5th Cir. 2012) (vacating Rule 12(b)(6) dismissal because district court failed to first address Rule 12(b)(1) motion). An examination of the justiciability of Plaintiff's complaint suggests Plaintiff's complaint is not ripe, and so, Plaintiff lacks standing because the controversy at issue is not of sufficient immediacy and reality to warrant judicial intervention; see <u>Lake Carriers' Ass'n v. MacMullan</u>,  406 U.S. 498, 92 S. Ct. 1749, 32 L. Ed. 2d 257 (1972).

17.   The constitutional minimum of standing requires three elements: firstly, that the Plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; secondly, "there must be a causal connection between the injury and the conduct complained of - the injury has to be 'fairly trace[able] to the challenged action of the defendant"; and thirdly, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision."  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992) (quoting <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38, 41–43 (1976)).

18.   Specifically, the 02/03/2020 written demand clearly declares in the first paragraph that

"[t]he purpose of this correspondence is to invite productive dialogue towards reaching an amicable resolution to this matter without the necessity of initiating formal legal proceedings against your company." As a result, Defendant's written demand can only be construed as an invitation to engage in discussions and not an actionable threat of adversary legal proceedings.  However, Plaintiff instead seeks to compel a ruling on a claim that rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" and is, as a result, not fit for adjudication. See Texas v. United States,523 U.S. 296, 300 (1998), quoting Thomas V. Union Carbide Agricultural Products Co., 473 U.S. 568, 581 (1985).

19.    Plaintiff also lacks standing because the written demand upon Plaintiff was not prepared to satisfy any statutory requirement and, therefore, does not even constitute a threatened injury much less an actual injury. See Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L. Ed. 2d 947 and *Johnson v. Shree Radhe Corporation*, et al 2018 WL 1409973 (March 21, 2018).

20.    If the Court finds that it lacks personal jurisdiction, it may dismiss the action pursuant to FED. R. Civ. P. 12(b)(2); or, the Court may transfer the case to "any district or division in which it could have been brought" under 28 U.S.C. § 1406(a) if transfer is "in the interest of justice;" Herman v. Cataphora, Inc., 730 F.3d 460, 466 (5th Cir. 2013) (citing Dubin v. United States, 380 F.2d 813, 816 (5th Cir.1967)); Bentz v. Recile, 778 F.2d 1026, 1028 (5th Cir. 1985).

21.    In the present suit, this Court should dismiss Plaintiff's complaint, and these substantive issues should be brought in a state court of proper jurisdiction and venue if Defendant attempts to bring a claim against Plaintiff and, in fact, these issues are still pending in an active state court matter.

**B.**     **"Agreed Discharge Order"**

22.     Under review of a Rule 12(b)(6) challenge, this Court must determine whether the Plaintiff's complaint does "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Accord Little v. KPMG LLP, 575 F.3d 533, 541 (5th Cir. 2009). Courts will not assume that a plaintiff can prove facts beyond those alleged in the complaint. See Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery;" Twombly, 550 U.S. at 561. Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

23.     Defendant contends that this Court should dismiss this action because Plaintiff seeks to offer as unchallenged the legal and factual sufficiency of the Agreed Discharge Order to warrant contractual enforcement of same without entertaining any examination into whether the Agreed Discharge constitutes a contractual agreement.  To do so without a determination of these underlying matters would constitute an advisory opinion on unsettled issues of law and fact that are not ripe for adjudication.

24.     Further, Defendant argues that the Agreed Discharge Order, as written, states that Plaintiff would be discharged "from *this suit* with respect to all parties and all claims"

(<u>emphasis added</u>), which addressed only the interpleader action before the 353rd Judicial District Court - because the other pending suit before the 98th Judicial District Court wasn't joined until 12/04/2019, over a week later. The only issues raised by Plaintiff's interpleader action were those confined in its prayer, which asked for an order from the 353rd District Court authorizing Plaintiff to tender only those disputed funds that it possessed in the court's registry and an order discharging it from that suit. The interpleader action did not concern or address funds that Amanda Lee Estrada was able to access under color of a Power of Attorney that was erroneously executed under the supervision of Plaintiff, and which was subsequently declared null and void by the 98th District Court.

25.     Finally, the offered language of the Agreed Discharge Order fails to clarify whether the discharge applies to all claims having been asserted to date, or to any claims that may be offered against Plaintiff.  Had the parties intended for the "Agreed Discharge Order" to apply to any claims, it would have been a ***dismissal*** - not a discharge. After all, Amanda Lee Estrada has a financial account obtained through Plaintiff, which Plaintiff admitted in Paragraph 7 of its Original Complaint.[2]  Amanda Lee Estrada opened that account to further her personal interests in violation of her fiduciary duty to Defendant, so, obviously, any future order from a state court obtained by Defendant that is directed to Amanda Lee Estrada may involve Plaintiff as well. This is especially true since the Summary Judgment Order issued by the 98th Judicial District Court was only a *partial* order because not all issues before that Court had been resolved. Accordingly, the principle of res judicata only applies to those issues mentioned specifically in the

---

[2] See Plaintiff's Exhibit 1, the "Interpleader Petition" and the exhibits thereto; see <u>Kinnett Dairies, Inc. v. Farrow</u>, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (permitting judicial notice of a court's own records or those of the inferior courts).

Summary Judgment Order, which are now final because no timely appearance was entered by Amanda Lee Estrada.  No judicial finding has been issued to address to what extent, if any, Plaintiff is independently answerable for its own conduct concerning Defendant's losses, along with to what extent, if any, Plaintiff is jointly liable alongside Amanda Lee Estrada for those losses.

26.   Instead, Plaintiff has run to this court to seek an interpretation of the enforceability of the Agreed Discharge Order without any examination of whether consideration for entering into the agreement actually existed; whether the "benefit of the bargain"  was a mere simulation because the relief obtained would have occurred by operation of law; whether Defendant received any benefit from the agreement; whether Plaintiff and Defendant ever agreed beforehand that the Agreed Discharge Order's language meant "*dismissal*" as Plaintiff suggests; and/or whether application of the Agreed Discharge Order was ever intended by the parties to extend beyond the interpleader action initiated by Plaintiff in the 353rd Judicial District Court and thereby apply to every aspect of the matter or litigation that might be pending in any jurisdiction that could in any way possible apply to Plaintiff in the future, however remote, as well as other parties that may have a nexus to Plaintiff. Accordingly, this Court is not bound "to accept as true a legal conclusion couched as a factual allegation;" Papasan v. Allain, 478 U.S. 265, 286 (1886)(cited with approval in Twombly, 550 U.S. at 555).

27.   Given the unlimited scope of application sought by Plaintiff based on the allegations offered in its complaint, a ruling at this point by this Court concerning the contractual enforceability of the Agreed Order would be based solely upon the presumption that Plaintiff has pled sufficient factual content, that this contest must be accepted as true, and that Plaintiff's rendition resolves any and all outstanding factual and legal

circumstances would amount to an advisory opinion based upon a speculative determination that Plaintiff was possibly entitled, rather than plausibly entitled, to the relief prayed for. See Twombly, 550 U.S. at 555-558; Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief;" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted). See also Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009).

28.   Furthermore, any determination sought by Plaintiff in the present matter that may affect, whether directly or indirectly, Defendant's substantive rights and claims against Amanda Lee Estrada necessitates Defendant to compel this Court to dismiss Plaintiff's complaint for failure to join a party under Rule 12(b)(7) and/or Rule 19 because Plaintiff is requesting a decision by this Court to reach far beyond the parties plead and impact Defendant's claims against Amanda Lee Estrada in the current state court proceeding. As a result, Amanda Lee Estrada's appearance is required for the "fair and complete resolution of the dispute;" In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig., 864 F. Supp. 2d 451, 455-56 (E.D. La. 2012). Otherwise, Defendant's claims could be impaired by Amanda Lee Estrada's absence. See Martin v. Tesoro Corp., No. 2:11 CV 1413, 2012 WL 135676, at*3 (W.D. La. Jan. 17, 2012) (citing Citizen Band Potawatomi Indian Tribe of Okla. v. Collier, 17 F.3d 1292, 1293 (10th Cir.1994)). Without the joinder of Amanda Lee Estrada, a decision in Plaintiff's favor would result in the prohibited result of exposing Defendant to both unnecessary and unwarranted burdens before this Court, as well as in state courts. See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., F.2d 1157, 1160 (Fed. Cir. 1993) reh'g en ban denied.

**C.      "Declaratory Judgment"**

29.     Plaintiff's Original Complaint is brought under The Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202; accordingly, Plaintiff must demonstrate there is a substantial controversy of such immediacy and existence between the parties with adverse legal interests that a declaratory judgment is warranted. See <u>3M Co. v. Avery Dennison Corp.</u>, 373 F.3d 1372 (2012).

30.     Plaintiff's counsel admitted his receipt of Defendant's demand on 02/03/2020. On 02/11/2020, counsel for Plaintiff emailed counsel for Defendant requesting the email address for Defendant's counsel. Plaintiff's counsel emailed Defendant's counsel on 02/12/2020 and stated "[o]nce I have had the opportunity to review the letter and discuss with my client, I will be in touch." Defendant's counsel replied that same day to Plaintiff's counsel and wrote "[th]at sounds fine, and I look forward to hearing from you." Defendant's counsel heard nothing further from Plaintiff's counsel until an email communication sent by Plaintiff's counsel on Friday, 02/21/2020 at 5:06 PM, which included a copy of Plaintiff's Original Complaint along with the applicable exhibits. Prior to this event, Defendant's counsel undertook no formal or informal adversarial action against Plaintiff. **See <u>Exhibits B and C</u>**.[3]

31.     Simple examination of the emailed communications between the attorneys for the parties to this proceeding clearly indicate they were too informal to support declaratory judgment jurisdiction.  Additionally, the language of all of the communications offered

---

[3] Defendant seeks to offer this documentation for the limited purpose of the issue raised by this particular topic, rather than the other topics herein pursuant to <u>PBGC v. White Consolidated Industries, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) and <u>In re Burlington Coat Factory Sec. Lit</u>, 114 F.3d 1410, 1426 (3d Cir. 1997); if this Honorable Court seeks to admit this documentation as to all topics herein so as to convert Defendant's 12(b)(6) Motion into a summary judgment under Rule 56, Defendant requests notice of same and a reasonable opportunity to present all relevant material to this issue and any other issue argued herein.

on behalf of the parties, as well as the lack of any adversarial action undertaken by Defendant against Plaintiff, demonstrates that the dispute which Plaintiff offers as justification for its filing of this declaratory action is not of sufficient immediacy to support declaratory judgment jurisdiction.

32.    The Supreme Court's 2007 decision in <u>MedImmune, Inc. v. Genentech, Inc</u>.[4] provides the guidelines upon which declaratory judgment jurisdiction can be exercised, namely: that "[t]he dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"

33.    Accordingly, given the absence of any sufficient immediacy and/or reality to the present facts as they now exist, there can be no conclusion that a substantial controversy between the parties even exists, and certainly not in the present matter before this Court.  History shows that such declaratory judgment jurisdiction is better served in patent proceedings, which involve immediacy and loss issues, rather than to attempt to halt a possible lawsuit through a matter prematurely and improperly brought in federal court- when a state court is better suited to interpret the applicability and enforceability of an Agreed Discharge Order if Defendant initiates litigation against Plaintiff.

34.    Given the binding, summary judgment nature and far-reaching finality that Plaintiff seeks, which is couched as a request for a declaratory judgment, and especially given the unsettled issues concerning Plaintiff's higher duty to the Defendant as a fiduciary, this Court should not look to offer an advisory ruling based on unsettled facts and circumstances in light of the extreme harm and prejudicial effect that such may have

---

[4] 549 U.S. 118 (2007)

upon the Defendant at such a time when Plaintiff does not face any harm at any point that was not of their own doing or design; to do so would exceed the jurisdictional authority vested in this Court by the Act. See <u>Armstrong v Obucino</u>, 300 Ill. 140, 143, 133 N.E. 58 (1921).

**D.    "Forum Non Conveniens"**

35.    Defendant also complains that Plaintiff's choice to initiate a complaint in federal court to obtain a declaratory judgment has placed an undue burden upon Defendant, so in the interest of justice, this Court should dismiss the present complaint and require Plaintiff to defend the merits of its arguments in the state court from which the Agreed Discharge Order originated, where a substantial part of the events or omissions giving rise to the claim occurred, and where the all the parties have already consented to the jurisdiction of a Judicial District Court in Travis County, Texas, if Defendant should initiate litigation against Plaintiff.

36.    A court may decide to dismiss a case for forum non conveniens even before it resolves the issue of whether it has subject matter or personal jurisdiction where subject-matter or personal jurisdiction is difficult to determine, and forum non conveniens considerations weigh heavily in favor of dismissal; <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 435-36(2007).

37.    Defendant has incurred extensive costs and fees in connection with Plaintiff's filing of the Original Complaint, as well as in the creation and filing of this Motion; accordingly, Defendant seeks an order compelling Plaintiff to reimburse Defendant's costs and

attorney fees.

38.     WHEREFORE, Defendant respectfully moves this Honorable Court for an Order that directs Plaintiff's Original Complaint be dismissed, with or without prejudice where appropriate, for the reasons cited herein, and an Order rendered compelling Plaintiff to reimburse Defendant's costs and attorney fees related to the filing of its Original Complaint and towards the creation and filing of this Motion; and, Defendant further prays for oral argument upon this Motion pursuant to Rule 78.1 at a date and time set by this Honorable Court.

Respectfully submitted,
Phelan | Bay, PLLC
Two Park Place
4009 Banister Ln. Suite 230
Austin, Texas 78704
Telephone: (512) 213-2444
Facsimile: (512) 233-0944

By: */s/ Maura Phelan*
Maura Phelan
State Bar No. 15902010
maura@phelanbay.com
Attorneys For Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the 12th day of March, 2020.

By: */s/ Maura Phelan*
Maura Phelan

**EXHIBIT A**

6/28/2019 4:30 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-003719**
**Victoria Benavides**

CAUSE NO. D-1-GN-___19-003719_____

| | | |
|---|---|---|
| SUSAN ESTRADA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AMANDA LEE ESTRADA, | § | 98TH |
| *Defendant* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

SUSAN ESTRADA, by and through her attorney-in-fact TRACY ESTRADA-JALON, petitions the court pursuant to the Declaratory Judgments Act, Chapter 37 of the Civil Procedure and Remedies Code, for a declaration of the invalidity of a cloud on Plaintiff's title in order to quiet title to property in which Plaintiff has an interest, and for cause of action would show:

### 1.    Selection of Discovery Level

The Plaintiff affirmatively pleads that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule 190.3.

### 2.   Parties and Service Instructions

The Plaintiff is owner of property in Travis County, Texas.  The Defendant, Amanda Lee Estrada, is a citizen and resident of Travis County, residing at 1601 Canterbury Lane, Austin, Texas 78702, where service of citation may be had upon her or wherever she may be found.

### 3.   Plaintiff's Interest in Property

Plaintiff is the widow of the owner, Gilbert Estrada, of a certain tract of land located in Travis County, Texas, described in a deed to the Decedent dated July 24, 1981, and recorded as Document Number 0758100535 in the Travis County Real Property Records and more commonly known as 1601 Canterbury, a copy of which is attached hereto as "Exhibit A".  Plaintiff is also the owner of a certain tract of land located in Travis County, Texas, described in a deed to Plaintiff dated December 12, 1985, recorded as Document Number 0948800736 in the Travis County Real

*Suit to Quiet Title – Susan Estrada*                                                              Page 1 of 3

Property Records and known as 1614 Canterbury, a copy of which is attached hereto as "Exhibit B".

### 4.  Defendant's Claims as Clouds on Title

Defendant, according to the Travis County Deed Records, filed a General Warranty Deed on February 26, 2019, bearing Document Number 2019027661, purportedly conveying the property at both 1601 Canterbury and 1614 Canterbury to herself, and executing that transfer as the Attorney-in-Fact of Susie Estrada by utilizing a power of attorney. A copy of this General Warranty Deed is attached hereto as "Exhibit C".

Defendant utilized a power of attorney issued to her by Plaintiff, Susie Estrada, on October 26, 2015, which was revoked when Plaintiff named Tracy Estrada-Jalon as her Attorney-in-Fact on February 21, 2019, thus nullifying the Power of Attorney between Plaintiff and Defendant.  A copy of the 2019 Texas Statutory Durable Power of Attorney is attached hereto as "Exhibit D." Defendant was notified of the new power and the revocation of her power on or about the date of the execution on February 21, 2019.

As Defendant was not the Attorney-in-Fact of Plaintiff at the time the General Warranty Deed was executed, Defendant did not have the power to sign as Plaintiff's Attorney-in-Fact and convey the property.  Additionally, as Defendant owed a fiduciary duty to the Plaintiff, the transfer of Defendant to herself utilizing the power of attorney constitutes, on its face, self-dealing and breach of fiduciary duty.

### 5.  Invalidity of Defendant's Claim

The cloud on title which appears in the General Warranty Deed is invalid and of no force or effect.  The Plaintiff will show that her Attorney-in-Fact at the time the General Warranty Deed was executed, was Tracy Estrada-Jalon, and not Defendant, who signed the Deed as Attorney-in-Fact, thus invalidating the General Warranty Deed executed on February 26, 2019. Additionally,

as Defendant owed a fiduciary duty to the Plaintiff, the transfer of Defendant to herself utilizing the power of attorney constitutes, on its face, self-dealing and breach of fiduciary duty.

## 6.   Attorney's Fees

The Plaintiff has retained the law firm whose name is subscribed to this petition to represent the Plaintiff in this action and has agreed to pay the firm a reasonable fee for necessary services. An award of attorney's fees to the Plaintiff would be equitable, just and authorized pursuant to Section 37.0009 of the Texas Civil Practice and Remedies Code.

## 7.   Prayer for Relief

WHEREFORE, the Plaintiff requests that the Defendant be cited to appear and answer and that, upon final hearing, the Plaintiff have judgment as follows:

1.   Declaring that the General Warranty Deed filed in the Real Property Records of Travis County, Texas, Document 2019027661, on February 26, 2019 is invalid, ordering it removed from the title to the property made the subject of this litigation, and quieting title to the property in the Plaintiff.

2.   Awarding the Plaintiff judgment against the Defendant for attorney's fees and costs of suit, together with such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

PHELAN | BAY PLLC
4009 Banister Lane, Suite 230
Austin, Texas  78704-8052
Telephone:  (512) 213-2444
Telecopier:  (512) 233-0944

By:   */s/ Maura Phelan*
Maura Phelan
State Bar No. 15902010
Maura@PhelanBay.com
Attorney for Plaintiff

NOTICE

Prepared by the State Bar of Texas for use by Lawyers only. Reviewed 1-1-76. To select the proper form, fill in blank spaces, strike out here provisions or insert special terms constitutes the practice of law. No "standard form" can meet all requirements.

SEP 21-81    2 DIRECTION  7.00

## WARRANTY DEED WITH VENDOR'S LIEN

JUL 29-81    7638    *    7.00          2-63-9738

THE STATE OF TEXAS

COUNTY OF  TRAVIS                    KNOW ALL MEN BY THESE PRESENTS:

2-68-7389

That  I,  Joe H. Daywood,

of the County of     Travis          and State of     Texas          for and in

consideration of the sum of ----------TEN---------------------------

---------------------------------------------------------------- DOLLARS

and other valuable consideration to the undersigned paid by the grantee herein named, the receipt of which

is hereby acknowledged, and the further consideration of  one promissory note in the sum of
$11,000.00,  bearing 12% interest per annum, and payable to the order of
Eugene Vega, Jr., equitable owner of the following described proerty by
virtue of an executory contract entered into by and between Grantor of
legal title herein and Eugene Vega, Jr., and said of even date herewith
shall be payable in monthly installments, on interest and principal, be-
ginning August 24, 1981, and a like sum on the 24th of each month there-
after until fully paid.  Each installment shall be in the sum of $150.00.

THIS DOCUMENT IS BEING RE-RECORDED TO ADD THE NAME OF THE TRUSTEE.

the payment of which note is secured by the vendor's lien herein retained, and is additionally secured by a deed

of trust of even date herewith to          Thomas T. Smith                         Trustee,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

Gilbert D. Estrada

of the County of   Travis        and State of    Texas          , all of the following described real

property in      Travis        County, Texas, to-wit:

Lot 1, Block 5, Outlot 47, Division "O", City of
Austin, Travis County, Texas, according to plat of
record in Plat Book 2, Page 132, Plat Records of
Travis County, Texas

DEED RECORDS
Travis County, Texas.

7521    58        7581    595



PLAINTIFF'S
EXHIBIT
A
tabbies

2-63-9739

2-68-7390

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said grantee   , his              heirs and assigns forever; and   I   do hereby bind   myself, my              heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee   , his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note   and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

The said vendor's lien and superior title hereby retained securing payment of the afore-mentioned note in the sum of ELEVEN THOUSAND DOL- LARS are hereby transferred, assigned, sold and conveyed to Eugene Vega, Jr., his successors and assigns, the payee of said note.

EXECUTED   this   24th   day of   JULY              .A. D. 19 81

Joe H. Daywood

7581   536   7521   59

(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF   Travis                }                                    2-68-7391

Before me, the undersigned authority, on this day personally appeared   Joe H. Daywood

known to me to be the person.......... whose name...... is ...... subscribed to the foregoing instrument, and acknowledged to me    2-53-0770
that........ he ...... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the   24th   day of   July   , A.D. 19   81 .

                                                            _Lynda Robyn_
                                                            Notary Public in and for   Travis        County, Texas.

                                                            My commission expires................ 12-2 ...... 19  81 .

            NOTARY SEAL                                     Lynda Robyn
                                                            (Printed or stamped name of notary)


(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF                      }

Before me, the undersigned authority, on this day personally appeared

known to me to be the person............ whose name.................. subscribed to the foregoing instrument, and acknowledged to me
that........ he ......... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the                    day of                , A.D. 19

                                                            Notary Public in and for          County, Texas.

                                                            My commission expires........................, 19......

                                                            (Printed or stamped name of notary)

JUL 28 1981

THE STATE OF TEXAS                          (Acknowledgment)                 FILED

COUNTY OF                      }                                            JUL 28  11 31 AM '81

Before me, the undersigned authority, on this day personally appeared                COUNTY CLERK
                                                                                    TRAVIS COUNTY, TEXAS

known to me to be the person............ whose name.................. subscribed to the foregoing instrument, and acknowledged to me
that........ he ......... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the                    day of                , A.D. 19

                                                            Notary Public in and for          County, Texas.

                                                            My commission expires........................, 19......

                                                            (Printed or stamped name of notary)      FILED

SEP 21 1981                                                                  SEP 21  1 34 PM '81

THE STATE OF TEXAS             }            (Corporate Acknowledgment)
COUNTY OF                      }                                            COUNTY CLERK
                                                                           TRAVIS COUNTY, TEXAS

Before me, the undersigned authority, on this day personally appeared
                                       of

a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that
he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed
of said corporation.

Given under my hand and seal of office on this the                    day of                , A.D. 19

                                                            Notary Public in and for          County, Texas.

                                                            My commission expires........................, 19......

7581        537                             (Printed or stamped name of notary)     7521      60

NOTICE

Prepared by the State Bar of Texas for use by Lawyers only.
To select the proper form, fill in blank spaces, strike out form provisions or insert special terms constitutes the practice of law. No "standard form" can meet all requirements.

SPECIAL
# WARRANTY DEED
(LONG FORM)

0 4 00 8558

9.00 DEED
1000        128732        3   12/12/85

THE STATE OF TEXAS

COUNTY OF   TRAVIS    } KNOW ALL MEN BY THESE PRESENTS:

That  I, Jimmy Ray Simpson, solely in my capacity as Independent Executor of the Estate of Archie Harmon Simpson, Deceased, and in confirmation of the fulfillment of the Contract of Sale on the below listed real estate and improvements located thereon, between A. H. Simpson and the Grantees dated September 24, 1965, and being

of the County of   Travis                   and State of   Texas           for and in

consideration of the sum of     Ten ($10.00)------------------------------DOLLARS
                                                    Decedent
and other valuable consideration to the undersigned paid by the grantee s  herein named, the receipt of
                    by the Decedent
which/is hereby acknowledged,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

GILBERT D. ESTRADA and wife, SUSIE P. ESTRADA

*1614 Canterbury   Austin Tx 78702*

of the County of   Travis              and State of   Texas              , all of

the following described real property in  Travis                   County, Texas, to-wit:

(See Description of Property on reverse side)

PLAINTIFF'S
EXHIBIT
B

REAL PROPERTY RECORDS
Travis County, Texas

09488   0736

Lot No. 13-A of the Resubdivision of Lots 12½, 13, 13½, 14 and 15, Block 3,
Leonard M. Tobins Resubdivision of Riverside Addition in OL 35, Division "O",
in the City of Austin, Travis County, Texas, according to the map or plat of
said resubdivision of record in Volume 9, page 127, of the Plat Records of
Travis County, Texas, and being the identical property conveyed to Archie
Harmon Simpson by Louise Cottelle, a feme sole, by deed dated April 29, 1959,
recorded in Vol. 2043, page 122, Deed Records of Travis County, Texas;
and being that same land described as

> The West 22.8 feet of Lot No. 13, all of
> Lot No. 13½, and the East 2 feet of Lot
> No. 14, all in Block No. 3 of Riverside
> Addition, a subdivision of Outlot No. 35,
> in Division "O", in the City of Austin,
> Travis County, Texas, according to the
> map or plat of said subdivision of record
> in Book 2, Page 132, of the Travis County
> Plat Records,

in the Contract of Sale between the Decedent and the Grantees,

0737

09488

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantees , their heirs and assigns forever; and do hereby bind myself, as Executor,/heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantees , their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, by and through the Decedent, but not otherwise; Executor further does not warrant the payment of taxes prior to the date of this deed, where such taxes are claimed to be due as real estate taxes on the property, for a period after the above referenced Contract of Sale date.

EXECUTED      this      12th      day of      December , A. D. 19 85

*Jimmy Ray Simpson*

JIMMY RAY SIMPSON, in his capacity as Executor of the Estate of Archie Harmon Simpson, Deceased, only

(Acknowledgment)

THE STATE OF TEXAS
COUNTY OF                                                NOT USED

Before me, the undersigned authority, on this day personally appeared

known to me to be the person ......... whose name ......... subscribed to the foregoing instrument, and acknowledged to me that ......... he ........ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the                 day of                 , A. D. 19

Notary Public in and for                                          County, Texas.

09488      0738

(Acknowledgment)

THE STATE OF TEXAS }
COUNTY OF Travis }

Before me, the undersigned authority, on this day personally appeared   Jimmy Ray Simpson, Executor

of the Estate of Archie Harmon Simpson, Deceased,

known to me to be the person........ whose name........ is..... subscribed to the foregoing instrument, and acknowledged to me
that......he .... executed the same ~~for the purposes and consideration therein expressed~~ as the Executor of the
Estate of Archie Harmon Simpson, Deceased, for the purposes and consideration
~~Given under my hand and seal this~~
therein expressed and in the capacity therein set forth.

Given under my hand and seal this *12th* day of ~~November,~~ 1985.

NOTARY SEAL    *Joe T. Robertson*
(Notary Public's name, Printed)

Notary Public, State of Texas
My commission expires *2/28/89* .

(Acknowledgment)

THE STATE OF TEXAS }
COUNTY OF  ~~Travis~~ }

Before me, the undersigned authority, on this day personally appeared   ~~Jimmy Ray Simpson, Executor of
the estate~~

known to me to be the person ........ whose name.................... subscribed to the foregoing instrument, and acknowledged to me
that....... he ....... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the                    day of                    , A. D. 19        .

Notary Public in and for                                        County, Texas.

SPECIAL
WARRANTY DEED
(Long Form)

JIMMY RAY SIMPSON, in his
capacity as Executor of the Estate
of Archie Harmon Simpson, Deceased

TO

GILBERT D. ESTRADA, and
wife, SUSIE P. ESTRADA

STATE OF TEXAS            COUNTY OF TRAVIS
I hereby certify that this instrument was FILED
on the date and at the time stamped hereon by me; and
was duly RECORDED, in the Volume and Page of the
named RECORDS of Travis County, Texas, on

FILED
1985 DEC 12  PM 2:08
*County Clerk*
COUNTY CLERK
TRAVIS COUNTY, TEXAS

DEC 12 1985

*County Clerk*
COUNTY CLERK
TRAVIS COUNTY, TEXAS

(Corporate acknowledgment)

PREPARED IN THE LAW OFFICE OF:

John Paul Jones
1108 Nueces Street
Austin, Texas 78701

PLEASE RETURN TO:

Mr. and Mrs. Gilbert D. Estrada
1614 Canterbury
Austin, Texas 78702

THE STATE OF TEXAS
COUNTY OF }

Before me, the undersigned authority, on this day personally appeared                                              ,

of                                        ,

a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that
he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed of
said corporation.

Given under my hand and seal of office on this the                    day of                    , A. D. 19        .

Notary Public in and for                                        County, Texas.

09488        0739

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

STATE OF TEXAS                   §
                                 §       GENERAL WARRANTY DEED
COUNTY OF TRAVIS                 §

Date:     February 26th, 2019

Grantor:  Susie P. Estrada.                                      TRV    2019027661
                                                                 3 PGS

Grantor's Mailing Address (including county):

          1601 Canterbury
          Austin, Travis County, Texas  78702.

Grantee:  Amanda Estrada, Trustee.

Grantee's Mailing Address (including county):

          1601 Canterbury
          Austin, Travis County, Texas  78702.

Consideration:

     Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

Property (including any improvements):

     TRACT I:

     Lot 1, Block 5, Outlot 47, Division "O", City of Austin, Travis County, Texas, according to plat of record in Plat Book 2, Page 132, Plat Records of Travis County, Texas.

     TRACT II:

     Lot No. 13-A of the Resubdivision of Lots 12½, 13, 13½, 14 and 15, Block 3, Leonard M. Tobins Resubdivision of Riverside Addition in OL 35, Division "O", in the City of Austin, Travis County, Texas, according to the map or plat of said resubdivision of record in Volume 9, page 127, of the Plat Records of Travis County, Texas, and being the identical property conveyed to Archie Harmon Simpson by Louise Cottelle, a feme sole, by deed dated April 29, 1959, recorded in Vol. 2043, page 122, Deed Records of Travis County, Texas; and being that same land described as The west 22.8 feet of Lot No. 13, all of Lot No. 13½, and the East 2 feet of Lot No. 14, all in Block


PLAINTIFF'S EXHIBIT
C
tabbies

No. 3 of Riverside Addition, a subdivision in the City of Austin, Travis County, Texas, according to the map or plat of said subdivision of record in Book 2, Page 132, of the Travis County Plat Records.

Reservations from and Exceptions to Conveyance and Warranty:

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that effect the property; taxes for 2019, the payment of which Grantee assumes; and subsequent assessments for that and prior years due to change in land usage, ownership, or both, the payment of which Grantee assumes.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it unto Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Susie P. Estrada

By: _____

Amanda Estrada
Her: Attorney-in-Fact

(Acknowledgment)

STATE OF TEXAS        §
                      §
COUNTY OF TRAVIS      §

This instrument was acknowledged before me on this _26th_ day of February, 2019, by Amanda Estrada, as Attorney-in-Fact for Susie P. Estrada, on her behalf.

ALBERT J HEINRICH JR
NOTARY PUBLIC
ID# 282559-9
State of Texas
Comm. Exp. 05-21-2022

Notary Public, State of Texas

-2-

After recording, please return to:

Albert J. Heinrich, Jr., P. C.
3532 Bee Cave Road, Suite 202
Austin, Texas  78746

**Recorders Memorandum**-At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

## FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Feb 28, 2019  10:10 AM      2019027661
MACEDOS  $34.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

-3-

TRV
4 PGS
2019043901

# Texas Statutory Durable Power Of Attorney

## STATUTORY DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, CHAPTER XII, TEXAS PROBATE CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, Susie Estrada of 117 Yale Ave, San Antonio, Texas, 78201,

appoint Tracy Estrada-Jalón of 117 Yale Ave, San Antonio, Texas, 78201

as my agent (attorney-in-fact) to act for me in any lawful way with respect to all of

the following powers except for a power that I have crossed out below.

TO WITHHOLD A POWER, YOU MUST CROSS OUT EACH POWER WITHHELD.

Real property transactions;

Tangible personal property transactions;

Stock and bond transactions;

Commodity and option transactions;

Banking and other financial institution transactions;

Business operating transactions;

Insurance and annuity transactions;

Estate, trust, and other beneficiary transactions

Claims and litigation;

Personal and family maintenance;

Benefits from social security, Medicare, Medicaid, or other
governmental programs or civil or military service;

Retirement plan transactions; Tax matters.



IF NO POWER LISTED ABOVE IS CROSSED OUT, THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A **GENERAL POWER OF ATTORNEY** AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.

SPECIAL INSTRUCTIONS:

Special instructions applicable to gifts (initial in front of the following sentence to have it apply):

I grant my agent (attorney in fact) the power to apply my property to make gifts, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

_____

_____

_____

_____

_____

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

CHOOSE ONE OF THE FOLLOWING ALTERNATIVES BY CROSSING OUT THE ALTERNATIVE NOT CHOSEN:

(A) This power of attorney is not affected by my subsequent disability or incapacity.

(B) This power of attorney becomes effective upon my disability or incapacity.

YOU SHOULD CHOOSE ALTERNATIVE (A) IF THIS POWER OF ATTORNEY IS TO BECOME EFFECTIVE ON THE DATE IT IS EXECUTED.

IF NEITHER (A) NOR (B) IS CROSSED OUT, IT WILL BE ASSUMED THAT YOU CHOSE ALTERNATIVE (A).

If Alternative (B) is chosen and a definition of my disability or incapacity is not contained in this power of attorney, I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for

this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

If any agent named by me dies, becomes legally disabled, resigns, or refuses to act, I name the following (each to act alone and successively, in the order named) as successor(s) to that agent: Gustavo Augusto Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Chloe Genevieve Alanis, 4331 Lehman Dr, San Antonio, Texas, 78219; Gustavo Austin Jalón III, 117 Yale Ave, San Antonio, Texas, 78201; Joaquin Iago Eros Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Sophia Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Aurora Smith, 5553 Lawnsberry Dr, Fort Worth, Texas 76137; Jennifer Montoya, Austin, Texas(512-786-4138).

**Prior Designations Revoked**

**I, Susie Estrada revoke any prior Power of Attorney.**

_Susie Estrada_ . Signed this _21_ day of _Feb_ , 2019

_Susie pp. Estrada_ (your signature)

State of _TX_

County of _Bexar_

This document was acknowledged before me on _2/21/19_ (date)
by _Susie Estrada_ (name of principal)

_Monica Villa_ (signature of notarial officer)

(Seal, if any, of notary)

MONICA I. VILLA
Notary Public, State of Texas
Comm. Expires 03-29-2022
Notary ID 12822376-0

_Monica I. Villa_ (printed name)

My commission expires: _3-29-22_

THE ATTORNEY IN FACT OR AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

Ret.
TRACY ESTRADA-JALON
CALL FOR PICK UP

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Mar 29, 2019  01:09 PM      2019043901
CAMPOSD: $38.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

NOTICE

Prepared by the State Bar of Texas for use by Lawyers only. Reviewed 1-1-76.
To select the proper form, fill in blank spaces, strike out terms provisions or insert special terms constitutes the practice of law. No "standard form" can meet all requirements.

SEP 21-81 ᴀᴍ   2 DIRECTION   7.00

## WARRANTY DEED WITH VENDOR'S LIEN

JUL 29-81 ᴬᴹ   7638   *   7.00   2-63-9738

THE STATE OF TEXAS

COUNTY OF   TRAVIS }   KNOW ALL MEN BY THESE PRESENTS:

2-68-7389

That   I/, Joe H./ Daywood,

of the County of   Travis   and State of   Texas   for and in

consideration of the sum of -----------TEN-----------------------------

----------------------------------------------------------- DOLLARS

and other valuable consideration to the undersigned paid by the grantee herein named, the receipt of which

is hereby acknowledged, and the further consideration of  one promissory note in the sum of
$11,000.00,  bearing 12% interest per annum, and payable to the order of
Eugene Vega, Jr., equitable owner of the following described proerty by
virtue of an executory contract entered into by and between Grantor of
legal title herein and Eugene Vega, Jr., and said of even date herewith
shall be payable in monthly installments, on interest and principal, be-
ginning August 24, 1981, and a like sum on the 24th of each month there-
after until fully paid. Each installment shall be in the sum of $150.00.

THIS DOCUMENT IS BEING RE-RECORDED TO ADD THE NAME OF THE TRUSTEE.

the payment of which note is secured by the vendor's lien herein retained, and is additionally secured by a deed

of trust of even date herewith to   Thomas T. Smith   Trustee,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

Gilbert D. Estrada

of the County of   Travis   and State of   Texas   , all of the following described real

property in   Travis   County, Texas, to-wit:

Lot 1, Block 5, Outlot 47, Division "O", City of
Austin, Travis County, Texas, according to plat of
record in Plat Book 2, Page 132, Plat Records of
Travis County, Texas

DEED RECORDS
Travis County, Texas.

7521   58   7581   595


PLAINTIFF'S EXHIBIT
A
tabbies

2-63-9739

2-68-7390

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said grantee , his heirs and assigns forever; and I do hereby bind myself, my heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee , his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

The said vendor's lien and superior title hereby retained securing payment of the afore-mentioned note in the sum of ELEVEN THOUSAND DOL-LARS are hereby transferred, assigned, sold and conveyed to Eugene Vega, Jr., his successors and assigns, the payee of said note.

EXECUTED    this    24th    day of    JULY    , A.D. 19 81

Joe H. Daywood

7581    536    7521    59

(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF   Travis   }

2-68-7391

Before me, the undersigned authority, on this day personally appeared   Joe H. Daywood

2-53-0770

known to me to be the person........ whose name...... is ...... subscribed to the foregoing instrument, and acknowledged to me
that........ he...... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the   24th   day of   July   ,A.D. 19 81.

Lynda Robyn
Notary Public in and for   Travis   County, Texas.

My commission expires................ 12-2 , 19 81.

NOTARY SEAL

Lynda Robyn
(Printed or stamped name of notary)

(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF   }

Before me, the undersigned authority, on this day personally appeared

known to me to be the person............ whose name................. subscribed to the foregoing instrument, and acknowledged to me
that........ he........ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the   day of   , A.D. 19

Notary Public in and for   County, Texas.

My commission expires................. 19.......

(Printed or stamped name of notary)

JUL 28 1981

COUNTY CLERK
TRAVIS COUNTY, TEXAS

(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF   }

FILED
JUL 28  11 31 AM '81

COUNTY CLERK
TRAVIS COUNTY, TEXAS

Before me, the undersigned authority, on this day personally appeared

known to me to be the person............ whose name................. subscribed to the foregoing instrument, and acknowledged to me
that........ he........ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the   day of   , A.D. 19

Notary Public in and for   County, Texas.

My commission expires................. 19.......

(Printed or stamped name of notary)

SEP 21 1981

COUNTY CLERK
TRAVIS COUNTY, TEXAS

FILED
SEP 21  1 34 PM '81

COUNTY CLERK
TRAVIS COUNTY, TEXAS

(Corporate Acknowledgment)

THE STATE OF TEXAS   }
COUNTY OF   }

Before me, the undersigned authority, on this day personally appeared
of
a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that
he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed
of said corporation.

Given under my hand and seal of office on this the   day of   , A.D. 19

Notary Public in and for   County, Texas.

My commission expires................. 19.......

(Printed or stamped name of notary)

7581   537        7521   60

NOTICE

Prepared by the State Bar of Texas for use by Lawyers only.
To select the proper form, fill in blank spaces, strike out form provisions or insert special terms constitutes the practice of law. No "standard form" can meet all requirements.

## SPECIAL
# WARRANTY DEED
### (LONG FORM)

0 4 00 8558

1000      128732      3   12/12/85
9.00 DEED

THE STATE OF TEXAS

COUNTY OF   TRAVIS

} KNOW ALL MEN BY THESE PRESENTS:

That  I, Jimmy Ray Simpson, solely in my capacity as Independent
Executor of the Estate of Archie Harmon Simpson, Deceased, and in
confirmation of the fulfillment of the Contract of Sale on the below
listed real estate and improvements located thereon, between A. H. Simpson
and the Grantees dated September 24, 1965, and being

of the County of   Travis                    and State of   Texas              for and in

consideration of the sum of      Ten ($10.00)------------------------------DOLLARS
                                                    Decedent
and other valuable consideration to the undersigned paid by the grantee s  herein named, the receipt of
                     by the Decedent
which/is hereby acknowledged,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

GILBERT D. ESTRADA and wife, SUSIE P. ESTRADA
                              1614 Canterbury      Austin Tx 78702
of the County of   Travis                    and State of   Texas                , all of

the following described real property in  Travis                    County, Texas, to-wit:

(See Description of Property on reverse side)

PLAINTIFF'S
EXHIBIT
B

REAL PROPERTY RECORDS
Travis County, Texas

09488   0736

Lot No. 13-A of the Resubdivision of Lots 12½, 13, 13½, 14 and 15, Block 3,
Leonard M. Tobins Resubdivision of Riverside Addition in OL 35, Division "O",
in the City of Austin, Travis County, Texas, according to the map or plat of
said resubdivision of record in Volume 9, page 127, of the Plat Records of
Travis County, Texas, and being the identical property conveyed to Archie
Harmon Simpson by Louise Cottelle, a feme sole, by deed dated April 29, 1959,
recorded in Vol. 2043, page 122, Deed Records of Travis County, Texas;
and being that same land described as

> The West 22.8 feet of Lot No. 13, all of
> Lot No. 13½, and the East 2 feet of Lot
> No. 14, all in Block No. 3 of Riverside
> Addition, a subdivision of Outlot No. 35,
> in Division "O", in the City of Austin,
> Travis County, Texas, according to the
> map or plat of said subdivision of record
> in Book 2, Page 132, of the Travis County
> Plat Records,

in the Contract of Sale between the Decedent and the Grantees,

0737

09488

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and

appurtenances thereto in anywise belonging, unto the said grantee s  ,  their    heirs and assigns forever;

and      do hereby bind myself, as Executor,/ heirs, executors and administrators to WARRANT
<sub>my</sub>

AND FOREVER DEFEND all and singular the said premises unto the said grantees  ,  their

heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof,
by and through the Decedent, but not otherwise; Executor further does not
warrant the payment of taxes prior to the date of this deed, where such
taxes are claimed to be due as real estate taxes on the property, for a
period after the above referenced Contract of Sale date.

EXECUTED      this    12th    day of  *December*  , A. D. 19 85

*Jimmy Ray Simpson*

JIMMY RAY SIMPSON, in his capacity
as Executor of the Estate of Archie
Harmon Simpson, Deceased, only

(Acknowledgment)

THE STATE OF TEXAS                 }
COUNTY OF                          }              NOT USED

Before me, the undersigned authority, on this day personally appeared

known to me to be the person .......... whose name .......... subscribed to the foregoing instrument, and acknowledged to me
that .......... he ........ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the              day of              , A. D. 19

Notary Public in and for                              County, Texas.

09488    0738

(Acknowledgment)

THE STATE OF TEXAS }
COUNTY OF Travis }

Before me, the undersigned authority, on this day personally appeared Jimmy Ray Simpson, Executor of the Estate of Archie Harmon Simpson, Deceased,

known to me to be the person......... whose name......is..... subscribed to the foregoing instrument, and acknowledged to me that......he ...... executed the same ~~for the purposes and consideration~~ as the Executor of the Estate of Archie Harmon Simpson, Deceased, for the purposes and consideration therein expressed and in the capacity therein set forth.

Given under my hand and seal this 12th day of November, 1985.

Joe T. Robertson

NOTARY SEAL (Notary Public's name, Printed)
Notary Public, State of Texas
My commission expires 2/28/89 .

(Acknowledgment)

THE STATE OF TEXAS }
COUNTY OF ~~Travis~~ }

Before me, the undersigned authority, on this day personally appeared ~~Jimmy Ray Simpson, Executor of the Estate~~

known to me to be the person ......... whose name................... subscribed to the foregoing instrument, and acknowledged to me that.......he ......executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the ....... day of ....... , A. D. 19 .

Notary Public in and for ....... County, Texas.

SPECIAL WARRANTY DEED (Long Form)

JIMMY RAY SIMPSON, in his capacity as Executor of the Estate of Archie Harmon Simpson, Deceased

TO

GILBERT D. ESTRADA, and wife, SUSIE P. ESTRADA

STATE OF TEXAS    COUNTY OF TRAVIS
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me; and was duly RECORDED, in the Volume and Page of the named RECORDS of Travis County, Texas, on

FILED
1985 DEC 12 PM 12:08
COUNTY CLERK
TRAVIS COUNTY, TEXAS

DEC 12 1985
COUNTY CLERK
TRAVIS COUNTY, TEXAS

PREPARED IN THE LAW OFFICE OF:
John Paul Jones
1108 Nueces Street
Austin, Texas 78701

PLEASE RETURN TO:
Mr. and Mrs. Gilbert D. Estrada
1614 Canterbury
Austin, Texas 78702

(Corporate acknowledgment)

THE STATE OF TEXAS }
COUNTY OF }

Before me, the undersigned authority, on this day personally appeared ,
of ,
a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed of said corporation.

Given under my hand and seal of office on this the ....... day of ....... , A. D. 19 .

Notary Public in and for ....... County, Texas.

09488    0739

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

STATE   OF   TEXAS                          §
                                            §      GENERAL WARRANTY DEED
COUNTY OF TRAVIS                            §

Date:      February 26th, 2019

Grantor:   Susie P. Estrada.                        TRV    2019027661
                                                    3 PGS

Grantor's Mailing Address (including county):

> 1601 Canterbury
> Austin, Travis County, Texas  78702.

Grantee:   Amanda Estrada, Trustee.

Grantee's Mailing Address (including county):

> 1601 Canterbury
> Austin, Travis County, Texas  78702.

Consideration:

> Ten  Dollars  ($10.00)  and  other  good  and  valuable
> consideration, the receipt and sufficiency of which is
> hereby acknowledged.

Property (including any improvements):

> TRACT I:
>
> Lot 1, Block 5, Outlot 47, Division "O", City of Austin,
> Travis County, Texas, according to plat of record in Plat
> Book 2, Page 132, Plat Records of Travis County, Texas.
>
> TRACT II:
>
> Lot No. 13-A of the Resubdivision of Lots 12½, 13, 13½,
> 14 and 15, Block 3, Leonard M. Tobins Resubdivision of
> Riverside Addition in OL 35, Division "O", in the City of
> Austin, Travis County, Texas, according to the map or
> plat of said resubdivision of record in Volume 9, page
> 127, of the Plat Records of Travis County, Texas, and
> being the identical property conveyed to Archie Harmon
> Simpson by Louise Cottelle, a feme sole, by deed dated
> April 29, 1959, recorded in Vol. 2043, page 122, Deed
> Records of Travis County, Texas; and being that same land
> described as The west 22.8 feet of Lot No. 13, all of Lot
> No. 13½, and the East 2 feet of Lot No. 14, all in Block



No. 3 of Riverside Addition, a subdivision in the City of Austin, Travis County, Texas, according to the map or plat of said subdivision of record in Book 2, Page 132, of the Travis County Plat Records.

Reservations from and Exceptions to Conveyance and Warranty:

Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that effect the property; taxes for 2019, the payment of which Grantee assumes; and subsequent assessments for that and prior years due to change in land usage, ownership, or both, the payment of which Grantee assumes.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it unto Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever.   Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Susie P. Estrada

By:   _____

Amanda Estrada
Her: Attorney-in-Fact

(Acknowledgment)

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

This instrument was acknowledged before me on this _26th_ day of February, 2019, by Amanda Estrada, as Attorney-in-Fact for Susie P. Estrada, on her behalf.

ALBERT J HEINRICH JR
NOTARY PUBLIC
ID# 282559-9
State of Texas
Comm. Exp. 05-21-2022

_____
Notary Public, State of Texas

-2-

After recording, please return to:

Albert J. Heinrich, Jr., P. C.
3532 Bee Cave Road, Suite 202
Austin, Texas  78746

**Recorders Memorandum**-At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

## FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Feb 28, 2019  10:10 AM    2019027661

MACEDOS: $34.00

Dana DeBeauvoir, County Clerk

Travis County  TEXAS

-3-

IRV
4 PGS          2019043901

# Texas Statutory Durable Power Of Attorney

## STATUTORY DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, CHAPTER XII, TEXAS PROBATE CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, Susie Estrada of 117 Yale Ave, San Antonio, Texas, 78201,

appoint Tracy Estrada-Jalón of 117 Yale Ave, San Antonio, Texas, 78201

as my agent (attorney-in-fact) to act for me in any lawful way with respect to all of

the following powers except for a power that I have crossed out below.

TO WITHHOLD A POWER, YOU MUST CROSS OUT EACH POWER WITHHELD.

Real property transactions;

Tangible personal property transactions;

Stock and bond transactions;

Commodity and option transactions;

Banking and other financial institution transactions;

Business operating transactions;

Insurance and annuity transactions;

Estate, trust, and other beneficiary transactions

Claims and litigation;

Personal and family maintenance;

Benefits from social security, Medicare, Medicaid, or other
governmental programs or civil or military service;

Retirement plan transactions; Tax matters.


PLAINTIFF'S EXHIBIT D

IF NO POWER LISTED ABOVE IS CROSSED OUT, THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A **GENERAL POWER OF ATTORNEY** AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.

SPECIAL INSTRUCTIONS:

Special instructions applicable to gifts (initial in front of the following sentence to have it apply):

I grant my agent (attorney in fact) the power to apply my property to make gifts, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

_____

_____

_____

_____

_____

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

CHOOSE ONE OF THE FOLLOWING ALTERNATIVES BY CROSSING OUT THE ALTERNATIVE NOT CHOSEN:

(A) This power of attorney is not affected by my subsequent disability or incapacity.

(B) This power of attorney becomes effective upon my disability or incapacity.

YOU SHOULD CHOOSE ALTERNATIVE (A) IF THIS POWER OF ATTORNEY IS TO BECOME EFFECTIVE ON THE DATE IT IS EXECUTED.

IF NEITHER (A) NOR (B) IS CROSSED OUT, IT WILL BE ASSUMED THAT YOU CHOSE ALTERNATIVE (A).

If Alternative (B) is chosen and a definition of my disability or incapacity is not contained in this power of attorney, I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for

this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

If any agent named by me dies, becomes legally disabled, resigns, or refuses to act, I name the following (each to act alone and successively, in the order named) as successor(s) to that agent: Gustavo Augusto Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Chloe Genevieve Alanis, 4331 Lehman Dr, San Antonio, Texas, 78219; Gustavo Austin Jalón III, 117 Yale Ave, San Antonio, Texas, 78201; Joaquin Iago Eros Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Sophia Jalón, 117 Yale Ave, San Antonio, Texas, 78201; Aurora Smith, 5553 Lawnsberry Dr, Fort Worth, Texas 76137; Jennifer Montoya, Austin, Texas(512-786-4138).

**Prior Designations Revoked**

**I, Susie Estrada revoke any prior Power of Attorney.**

_Susie Estrada_. Signed this _21_ day of _Feb_, 2019

_Susie M. Estrada_ (your signature)

State of _TX_

County of _Bexar_

This document was acknowledged before me on _2/21/19_ (date)
by _Susie Estrada_ (name of principal)

_Monica Villa_ (signature of notarial officer)

(Seal, if any, of notary)

> MONICA I. VILLA
> Notary Public, State of Texas
> Comm. Expires 03-29-2022
> Notary ID 12822376-0

_Monica I. Villa_ (printed name)

My commission expires: _____

THE ATTORNEY IN FACT OR AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

Ret
TRACY ESTRADA-JALON
CALL FOR PICK UP

## FILED AND RECORDED
### OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Mar 29, 2019  01:09 PM    2019043901
CAMPOSD: $38.00

Dana DeBeauvoir, County Clerk
Travis County  TEXAS

**EXHIBIT B**

**Matter:** Estrada, Susie - POA Tracy Estrada-Jalon-Litigation

**Received Date:** 02/11/2020 06:23:44

**From:** Evan A. Moeller (Evan.Moeller@arlaw.com)

**To:** maura@phelanbay.com

**Subject:** William Meeks Contact Info

Hi Maura.

I trust you are well.  Could you kindly send me your colleague, Mr. Meeks' email address?  I am trying to respond to a letter he directed to my client, but his email address does not appear to be listed on his letterhead.

Thank you.

Evan



**Evan A. Moeller**
Partner

ADAMS AND REESE LLP

1221 McKinney Street, Suite 4400 | Houston, TX 77010
**main** 713.652.5151 | **direct** 713.308.0153 |
**efax** 713.308.4030 | **fax** 713.652.5152

**evan.moeller@arlaw.com**

**website bio vCard map**

**Matter:** Estrada, Susie - POA Tracy Estrada-Jalon-Litigation

**Received Date:** 02/12/2020 10:01:43

**From:**  (wmeeks@phelanbay.com)

**To:** Evan.Moeller@arlaw.com

**Subject:** RE: Susie M. Estrada

Mr. Moeller:

That sounds fine, and I look forward to hearing from you. Thanking you in advance for your courtesies and cooperation, I remain

Respectfully,


William W. Meeks
   **Phelan | Bay, PLLC**
   Two Park Place
   4009 Banister Lane, Suite 230
   Austin, Texas 78704
   Phone: (512) 213-2444
   Fax:    (512) 233-0944
   Email:   wmeeks@phelanbay.com


CONFIDENTIALITY NOTICE:  This communication is intended only for the use of the individual or entity to whom or to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If you are not the intended recipient of this information, you are notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this e-mail communication in error, you are instructed, please, to send a reply message indicating that you have received the message in error and delete any and all copies of the message and any data attached thereto from your computer, any storage media, and any backup storage media, including all temporary storage files and "trash" or "recycle" bins.  Thank you.

---

**From:** Evan A. Moeller <Evan.Moeller@arlaw.com>
**Sent:** Wednesday, February 12, 2020 7:45 AM
**To:** wmeeks@phelanbay.com
**Cc:** Tara Rollin <Tara.Rollin@arlaw.com>
**Subject:** Susie M. Estrada

Good morning, Mr. Meeks.

As you may know, I represent Bank of America, and am in receipt of your letter to my client of February 3, 2020.

Once I have had the opportunity to review the letter and discuss with my client, I will be in touch.

Thank you.

Evan



**Evan A. Moeller**
Partner
1221 McKinney Street, Suite 4400 | Houston, TX 77010
**main** 713.652.5151 | **direct** 713.308.0153 |
**efax** 713.308.4030 | **fax** 713.652.5152

**evan.moeller@arlaw.com**

**website bio vCard map**