IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BANK OF AMERICA, N.A.** § | |
| § | |
| v. § | 1:20-CV-196-LY |
| § | |
| **SUSIE M. ESTRADA** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Susie M. Estrada's Motion to Dismiss (Dkt. No. 5)[1] and Plaintiff Bank of America, N.A.'s Response (Dkt. No. 8). The District Court referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

On September 25, 2019, Plaintiff Bank of America, N.A. ("BOA") filed suit against Defendant Susie M. Estrada. BOA invokes the Court's diversity jurisdiction because it is a citizen of North Carolina, while Estrada is a citizen of Texas, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

BOA's Complaint alleges that on June 4, 2019, BOA filed an interpleader action in the District Court for Travis County, Texas, *Bank of America, N.A., v. Amanda Lee Estrada and Susie M. Estrada*, case number D-1-GN-19-003174. Dkt. No. 1 at ¶ 6; Dkt. No. 1-1. BOA alleges that the purpose of the Interpleader Action was to have Estrada's and non-party Amanda Lee Estrada's

---

[1] In addition to her motion to dismiss, Estrada requests a hearing and oral argument. *See* Dkt. No. 6. Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. Accordingly, Estrada's motion requesting oral argument (Dkt. No. 6) is **DENIED**.

competing claims to certain money held by BOA judicially resolved. Dkt. No. 1 at ¶ 8. On November 26, 2019, the State Court entered an "Agreed Order on Bank of America N.A.'s Original Petition in Interpleader," discharging BOA with prejudice from the State Court action ("the Discharge Order"). *Id.* at ¶¶ 9-11; Dkt. No. 1-2. Estrada then litigated her claims against Amanda Lee Estrada in the Interpleader Action and on December 4, 2019, the State Court entered summary judgment in Estrada's favor against Amanda Lee Estrada. Dkt. No. 1 at ¶¶ 14-18; Dkt. No. 1-4. BOA notes that Estrada did not seek relief from BOA in the interpleader action, and did not seek an order from the State Court that directed BOA to return or pay to her any funds. Dkt. No. 1 at ¶¶ 14-15, 19-20. Thereafter, in a letter sent by counsel for Estrada, she made a demand that BOA pay her the monies that Estrada alleges BOA wrongly allowed non-party Amanda Lee Estrada to transfer out of her account pursuant to an invalid power of attorney. *Id.* at ¶¶ 21-25; Dkt. No. 1-5. The letter demands BOA pay Estrada $162,164.33, as well as costs and fees of $13,981.18, and threatens legal action against BOA if it does not pay the funds demanded. *Id.* at ¶¶ 24-25.

In light of the Demand Letter, BOA filed its Original Complaint in this action. Dkt. No. 1. BOA's Complaint requests a judgment declaring that (1) the Discharge Order is valid and binding, (2) it operates as a complete bar to Estrada's new claim, and (3) it is a complete discharge of any further liability of BOA to Estrada related to the Interpleader Action. Dkt. No. 1 at ¶¶ 30-38. BOA also sues for breach of contract, and seeks an award of compensatory damages against Estrada for her alleged breach of the Discharge Order, including an award of attorneys' fees and costs. *Id.* at ¶¶ 40-48. In response, Estrada filed the Motion to Dismiss now before the Court, arguing that BOA's claims should be dismissed for a variety of reasons, including that BOA fails to raise a case or controversy, that the action is not ripe, and that BOA lacks standing. Dkt. No. 5. Estrada also moves

to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and failure to join a party under Rule 12(b)(7).  *Id.*  Finally, Estrada moves to dismiss BOA's claims for forum non conveniens.  *Id.*

## II. ANALYSIS

### A.   Case or Controversy

The court first considers whether BOA's declaratory judgment action is justiciable.  Estrada contends that the Court should dismiss the case for lack of subject matter jurisdiction because BOA has not established an actual case or controversy.  When considering a declaratory judgment action, a district court must address three questions:  (1) does an actual controversy exist; (2) does the Court have authority to grant declaratory relief; and (3) should the Court exercise its discretion to decide the case?  *Frye v. Anadarko Petroleum Corp.*, 2019 WL 7374806, *6 (5th Cir. Nov. 4, 2019).  Here, Estrada challenges only the first prong, asserting that the declaratory judgment action is not ripe for adjudication and BOA lacks standing to bring it.  Dkt. No. 5 at ¶¶ 1-2.

A declaratory judgment action is ripe for adjudication only where an "actual controversy" exists.  *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."); *Texas v. West Publ'g. Co.*, 882 F.2d 171, 175 (5th Cir. 1989).  As a general rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986); *see generally West Publ'g. Co.*, 882 F.2d at 175 (the "case or controversy" requirement of Article III of the United States Constitution is "identical to the actual controversy requirement under the Declaratory Judgment Act."). The plaintiff in a declaratory judgment action bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

3

Whether the dispute is sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *See Mobil Oil Corp. v. Oil, Chem. & Atomic Workers Int'l Union*, 483 F.2d 603 (5th Cir. 1973).

The parties dispute whether BOA has presented a threat of litigation sufficient to create an actual controversy concerning the rights and obligations, if any, the parties have under the Discharge Order. "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000). In determining whether a specific and concrete threat of litigation exists, courts "look to the practical likelihood that a controversy will become real." *Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002). The controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). Likewise, courts examine whether the threatened dispute has "taken on final shape so that the court can see what legal issues it is deciding." *Orix Credit Alliance, Inc.*, 212 F.3d at 898 (quoting *El Paso Building & Const. Trades Council v. El Paso Chapter Assoc. Gen. Contractors of Am.*, 376 F.2d 797, 800 (5th Cir. 1967)).

The answer to whether this case presents a sufficiently real dispute starts with a review of Estrada's Demand Letter to BOA. The question is whether, in light of controlling authority, the letter contains a threat of litigation sufficiently specific and concrete such that BOA's request for a declaratory judgment addresses an actual controversy ripe for judicial intervention. The Demand Letter, sent by the same law firm representing Estrada here, alleges that BOA is liable to Estrada pursuant to legal theories including conversion, negligence, intentional/constructive fraud, breach of fiduciary duty, and breach of express/oral/implied contract as a result of reckless conduct by, and

4

the negligent supervision of, BOA employees. Dkt. No. 1-5. The Demand Letter outlines Estrada's allegations against BOA, and formally demands $162,164.33 and costs and fees of $13,981.18. *Id.* The Letter further specifically threatens legal action, stating that "our firm has been directed [by Estrada] to initiate formal legal proceedings against your company without further notice in order to pursue any and all available legal theories of recovery, including costs and attorney fees." *Id.* at 3. Given the specific and concrete threat of litigation in the Demand Letter, the Court finds BOA has satisfied its burden to demonstrate an actual controversy. *Orix Credit All.*, 212 F.3d at 897; *see also Texas v. West Publ'g. Co.*, 882 F.2d at 176. Accordingly, BOA's declaratory judgment claim presents an actual case and controversy.

**B.     Failure to State a Claim**

Estrada next moves to dismiss BOA's breach of contract claim pursuant to Rule 12(b)(6). Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

The essential elements of a breach of contract claim under Texas law are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). In its Complaint, BOA alleges that: (1) the Agreed Discharge Order constitutes a binding contractual agreement between BOA and Estrada, (2) that it fully performed all of its obligations under the Discharge Order by paying the funds at issue into the registry of the State Court, (3) that Estrada breached the Discharge Order by making demand upon BOA to pay additional funds, and (4) that as a result, BOA has suffered damages by incurring legal costs and attorneys' fees in response to Estrada's wrongful demand. Dkt. No. 1 at ¶¶ 40-47. With her 12(b)(6) motion, Estrada "contends that this Court should dismiss this action because Plaintiff seeks to offer as unchallenged the legal and factual sufficiency of the Agreed Discharge Order to warrant contractual enforcement of same without entertaining any examination into whether the Agreed Discharge Order constitutes a contractual agreement." Dkt. No. 5 at ¶ 23.

The Court agrees that the Agreed Discharge Order is not the equivalent of a contract, and thus cannot serve as the basis for a breach of contract claim. The Agreed Discharge Order is an official order issued by a state district court judge. *See* Dkt. No. 1-2. While BOA cites to cases in which Texas Courts have noted that agreed judgments are interpreted in accordance with the laws relating to contracts (*e.g., Ex Parte Jones*, 163 Tex. 513, 358 S.W.2d 370 at 375 (1962), *In re C.A.T.,* 316 S.W.3d 202, 210 (Tex. App.—Dallas, 2010)), those opinions were issued in the context of family law cases, and only held that a court is to use the rules of contract interpretation to determine the

meaning of an agreed order. These cases did *not* hold that an agreed order is a contract on which a breach of contract cause of action may be based. BOA cites to no cases in which an agreed order served as the basis of a valid breach of contract claim.

The Court concludes that the Agreed Discharge Order is not a contract, but rather is a judicial order, and it therefore cannot be the basis for a breach of contract claim.[2] Since the Agreed Discharge Order is not a contract, BOA's breach of contract claim thus fails and Estrada's motion to dismiss the claim pursuant to Rule 12(b)(6) is well taken.

### C. Failure to Join a Party

Estrada next argues that this action should be dismissed under Rule 12(b)(7), for failure to join a required party under Rule 19. Rule 19(a) provides, in pertinent part, that a person must be joined as a party where "that person claims an interest in the subject matter of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a). A party seeking dismissal under Rule 12(b)(7) bears the burden of showing that a missing party is necessary. *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

Estrada makes a one-paragraph argument that Amanda Lee Estrada, who was a defendant in the state court interpleader action, is a necessary party to this case. Dkt. No. 5 at ¶ 28. According to Estrada, without Amanda Lee Estrada being added, Susie Estrada's rights in that state action would be impacted and in this case she would face "unnecessary and unwarranted burdens." *Id*.

---

[2] BOA's argument is more properly considered as a claim that the state court order bars any suit by Estrada as it is res judicata as to any causes of action Estrada may have had against BOA related to the accounts held by her, and any transfers made out of those accounts. That argument is presented in the first cause of action stated in BOA's complaint.

Estrada's conclusory statement that without joinder of Amanda Lee Estrada, her claims "could be impaired" does not satisfy her burden under Rule 12(b)(7). Estrada's claim, as stated in the demand letter that led to BOA's declaratory judgment action here, is that BOA should not have permitted Amanda Lee Estrada to make transfers from Estrada's accounts to herself, and that BOA should thus be required to compensate Estrada for the amounts BOA wrongly allowed Amanda Lee Estrada to transfer. Thus, while Amanda Lee Estrada may be a witness in this case, nothing in the demand letter states that Estrada is seeking a judgment or other relief against *her*. Instead, it seeks relief from BOA. Nor is there any reason to believe that the Court deciding the issue presented here—whether Estrada is barred from seeking further relief from BOA by the Agreed Discharge Order—would impact Amanda Lee Estrada, or Susie Estrada's rights vis-a-vis Amanda Lee Estrada, in any way. She is therefore not a necessary party. Accordingly, Estrada's 12(b)(7) motion should be dismissed.

### D.     Forum Non Conveniens

Lastly, Estrada asserts that this matter should be dismissed under the doctrine of forum non conveniens. Under the forum non conveniens doctrine, a district court may, in the exercise of its sound discretion, dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the existing forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). The Supreme Court has recognized, however, that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum," especially when a United States plaintiff has chosen the home forum. *Id.* at 255.

The Fifth Circuit has established a two-part framework for analysis of a forum non conveniens issue. *See In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1166 (5th Cir.

1987). First, the court must determine whether there is an available and adequate alternative forum in which to try the case. *Id.* at 1165. An alternative forum is "available" when "the entire case and all parties can come within the jurisdiction of that forum" and is "adequate" when "the parties will not be deprived of all remedies or treated unfairly . . . even though they may not enjoy the same benefits as they might receive in an American court." *Id.* If the court finds that the alternative forum is both available and adequate, then it proceeds to the second step of the analysis and considers the private and public interest factors affected by its decision to assume or reject jurisdiction over the matter. *Id.* The court must consider the following private interest factors: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; probability of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained." *Id.* at 1162. Unless the balance of private interest factors weighs "strongly in favor of the defendant," the court must also consider the relevant public interest factors before rendering a decision, and "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The relevant public interest factors include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*In re Air Crash*, 821 F.2d at 1162-63. "[N]o one private or public interest factor should be given conclusive weight and ... the plaintiff's initial choice [of forum] is usually to be respected." *Id.* at 1163.

Estrada asserts that BOA's choice to initiate suit in federal court has "placed an undue burden upon [her]," and thus, "in the interest of justice, this Court should dismiss the present complaint and require Plaintiff to defend the merits of its arguments in state court." Dkt. No. 5 at ¶ 35. She further references incurring "extensive costs and fees," in connection with the suit and instant motion. *Id.* at ¶ 37. However, Estrada fails to explain what these burdens are, why they are undue, and how filing this suit in state court would lessen them. Estrada appears to reside in Austin, just a few miles from the federal courthouse. Dkt. No. 1 at ¶ 2. Moreover, Estrada fails to allege facts to satisfy any of the factors outlined in the Fifth Circuit's test for forum non conveniens. In light of Estrada's failure to satisfy any of the factors of the forum non conveniens test, and the strong presumption in favor of BOA's choice of forum, Estrada's forum non conveniens motion should be denied.

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant Susie Estrada's Motion to Dismiss (Dkt. No. 5). Specifically, the Court recommends that the motion be **GRANTED** as to the breach of contract claim, and that claim should be **DISMISSED WITH PREJUDICE**, and the motion should be **DENIED** in all other respects.[3]

The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[3] BOA's complaint contains two causes of action, the first seeking a declaratory judgment that the state court order precludes Estrada from seeking any further relief from BOA, and the second alleging the breach of contract claim. If this recommendation is adopted, the sole remaining claim will be the claim for declaratory judgment.

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of February, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE